UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

       Plaintiff,                     Civil Action No. 13-12781
                                               Honorable Linda V. Parker
                                               Magistrate Judge David R. Grand

v.

MARILYN BRADFORD, WILLIAM
MOLLISON, CHRISTOPHER CORRIVEAU,
MARTIN BAY, D. BISHOP, C. KOBEL,
L. LACEY, and T. BRANDERVER,

       Defendants.
_____/

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS BAY, KOBEL, LACEY, AND BRANDERVER FOR FAILURE TO TIMELY EFFECUTATE SERVICE

**I.    PROCEDURAL HISTORY**

On June 24, 2013, Plaintiff David Scott filed a complaint against the following defendants: Marilyn Bradford, William Mollison, Christopher Corriveau, Martin Bay, D. Bishop, "Oakland County Deputy," and "Howell Police Officer." (Doc. #1). On December 10, 2013, Scott filed a first amended complaint, in which he identified the previously-unnamed "Oakland County Deputy" and "Howell Police Officer" defendants as C. Kobel, L. Lacey, and T. Branderver. (Doc. #11). This case has been referred to the undersigned for all pretrial purposes. (Doc. #4).

A plaintiff filing a complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4. Typically, where, as here, a plaintiff is proceeding without having to prepay the filing fee, the District Court bears the responsibility

for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. Fed. R. Civ. P. 4(c)(3). In this case, however, Scott did not request service of his complaint by U.S. Marshal and, accordingly, summonses were issued to Scott for Defendants Bradford, Mollison, Corriveau, Bay, and Bishop on June 26, 2013 (Doc. #5; 6/26/13 Dkt. Entry), and for Defendants Kobel, Lacey, and Branderver on December 20, 2013 (Docs. #16, 17). Over time, Scott has accomplished service on Bradford, Mollison, Corriveau, and Bishop. However, Bay, Kobel, Lacey, and Branderver have not yet been served.

With respect to Bay, the Court notes that Scott was granted two extensions of time within which to accomplish service. (Docs. #7, 15). On January 14, 2014, this Court entered an Order to Show Cause directing Scott to show cause, in writing, by January 27, 2014, why this action should not be dismissed without prejudice as against Bay. (Doc. #29). Scott responded by indicating that he had been informed by the Oakland County Sheriff's Department that Bay is retired, and that the Sheriff's Department would not accept service of process on his behalf. (Doc. #35). Recognizing its obligation under Fed. R. Civ. P. 4(c) and 28 U.S.C. §1915(a) to ensure that reasonable attempts at service were made in light of Scott's proper identification of Bay, this Court ordered that a new summons be issued and that the United States Marshal Service attempt service on Bay (both at the Oakland County Sheriff's Department and at Bay's last known address, if provided by the Sheriff's Department). (Doc. #37). Although the Marshal Service attempted to serve Bay, it appears that these efforts were unsuccessful.

With respect to Kobel, Lacey, and Branderver, the docket indicates that summonses were provided to Scott for service upon these defendants on December 20, 2013. (Docs. #16, 17). There is no indication, however, that Scott ever served these defendants, and the summonses

have now expired. *See* Fed. R. Civ. P. 4(m).

On July 10, 2014, the Court issued another Order to Show Cause, ordering Scott to show cause, in writing, by July 25, 2014, why this action should not be dismissed, without prejudice, as against Defendants Bay, Kobel, Lacey, and Branderver. (Doc. #63). A review of the docket indicates that Scott has not responded to the Order to Show Cause.

## II.    ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 120 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

Scott has failed to provide the Court with a correct address where Defendant Bay can be served; has failed to serve Defendants Kobel, Lacey, and Branderver; and has failed to respond to the Court's July 10, 2014 Order to Show Cause. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Scott's complaint against Defendants Bay, Kobel, Lacey, and Branderver be dismissed without prejudice. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

## III.    RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Scott's complaint against Defendants Bay, Kobel, Lacey, and Branderver be **DISMISSED WITHOUT PREJUDICE**

pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

Dated: August 15, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2014.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager