UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

       Plaintiff,                        Civil Action No. 13-12781
                                                 Honorable Linda V. Parker
                                                 Magistrate Judge David R. Grand

v.

MARILYN BRADFORD, WILLIAM
MOLLISON, CHRISTOPHER CORRIVEAU,
MARTIN BAY, D. BISHOP, C. KOBEL,
L. LACEY, and T. BRANDERVER,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [11] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY DEFENDANT BISHOP'S MOTION TO DISMISS [65] AS MOOT**

## I.  PROCEDURAL HISTORY

On June 24, 2013, Plaintiff David Scott filed a complaint against the following defendants: Marilyn Bradford, William Mollison, Christopher Corriveau, Martin Bay, D. Bishop, "Oakland County Deputy," and "Howell Police Officer." (Doc. #1). On December 10, 2013, Scott filed a first amended complaint, in which he identified the previously-unnamed "Oakland County Deputy" and "Howell Police Officer" defendants as C. Kobel, L. Lacey, and T. Branderver. (Doc. #11). This case has been referred to the undersigned for all pretrial purposes. (Doc. #4).

The sole remaining defendant in this action, D. Bishop, filed a motion to dismiss on July 30, 2014. (Doc. #65). Pursuant to E.D. Mich. L.R. 7.1(b), Plaintiff's response to this motion was due on or before August 25, 2014. On September 2, 2014, when Plaintiff had failed to file a timely response to Bishop's motion, the Court issued an Order to Show Cause, ordering Plaintiff

to show cause, in writing, on or before September 12, 2014, why this Court should not recommend that his complaint be dismissed due to his failure to oppose it. (Doc. #68). In the alternative, Plaintiff was advised that he could file a response to Bishop's motion by September 12, 2014. (*Id.* at 2). In that Order, Plaintiff was warned that, "**Failure to timely or adequately respond in writing to this Order to Show Cause, or to timely file a response to Bishop's motion to dismiss, may result in sanctions, up to and including a recommendation that Bishop's motion be granted and/or that Plaintiff's case be dismissed.**" (*Id.* (emphasis in original)). A review of the docket indicates that Plaintiff has neither responded in writing to the Court's Order to Show Cause, nor filed a response to Bishop's motion.[1]

## II.   ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that

---

[1] This order (which was served by mail on Plaintiff) has not been returned to the Court as undeliverable.

have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court expressly warned Plaintiff that his case could be dismissed with prejudice if he failed to file a response to Bishop's motion to dismiss or a response to the Court's Order to Show Cause. (Doc. #68). Yet Plaintiff failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal. As to the second factor, Bishop is prejudiced by having this action pending against him without it being advanced to a timely conclusion due to Plaintiff's apparent abandonment of

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

3

his claims. Finally, given Plaintiff's failure to file a response as ordered, the Court sees no utility in considering or imposing a lesser sanction.[3] Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Plaintiff has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

## III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's amended complaint **[11]** and his claims against Defendant Bishop be **DISMISSED WITH PREJUDICE,** and that Bishop's Motion to Dismiss **[65]** be **DENIED** as **MOOT**.

Dated: September 23, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

---

[3] Indeed, this Court previously recommended that Plaintiff's complaint be dismissed against Defendants Bay, Kobel, Lacey, and Branderver due to his failure to timely effectuate service on these individuals. (Doc. #66). This recommendation was adopted by the District Court on September 9, 2014. (Doc. #69).

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2014.

                                                     s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager